## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | | |
|---|---|---|---|
| CLEON ELROY DILLARD, | ) | | |
| | ) | | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-00151 | |
| | ) | | |
| v. | ) | **MEMORANDUM OPINION** | |
| | ) | | |
| LT. SMITH, | ) | By: | Hon. Thomas T. Cullen |
| | ) | | United States District Judge |
| Defendant. | ) | | |

In this action under 42 U.S.C. § 1983, Plaintiff Cleon Elroy Dillard claims that, on September 7, 2019, Defendant Rodney Smith used excessive force against him while he was being booked into the Martinsville City Jail. On July 16, 2021, the court denied the parties' motions for summary judgment. The court concluded that "there are genuine issues of material fact regarding the level of force used by Smith on September 7, 2019, and whether it was objectively unreasonable under the circumstances." (Mem. Op. 10 [ECF No. 53].)

The matter is now before the court on Smith's motion to reconsider summary judgment. Dillard filed a response in opposition to the motion on August 30, 2021, and the court heard oral argument on August 31, 2021. For the following reasons, the court will deny the motion.

### Standard of Review

Smith does not articulate the legal standard under which his motion to reconsider should be adjudicated or "otherwise mention (much less analyze) the procedural propriety of [the] motion." *Wootten v. Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016). The court will assume that the motion is filed under Federal Rule of Civil Procedure 54(b). *See id.* Under this

rule, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). The exercise of such authority is "committed to the discretion of the district court." *Id.* at 515. Given this discretion, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Id.* at 514. "Nevertheless, the discretion afforded by Rule 54(b) is 'not limitless,'" and the United States Court of Appeals for the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018) (quoting *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). "Accordingly, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.") (internal quotation marks and citation omitted).

## <u>Discussion</u>

In his motion to reconsider summary judgment, Smith does not contend that the court's previous decision was clearly erroneous or that there has been an intervening change in the law. Instead, Smith contends that the evidence at trial will be substantially different than the evidence on summary judgment, and that Dillard will not be able to prove his claim of excessive force by a preponderance of the evidence. For the following reasons, the court is unpersuaded.

First, Smith improperly seeks to have the court weigh the evidence and make credibility determinations. Smith argues that his own affidavit and those from other officers establish that "the use of force *was* objectively reasonable" under the circumstances and that Dillard "had no obvious injury." (Mot. to Reconsider 1–2 [ECF No. 74].) Smith emphasizes that the jury would have to disregard testimony from "several eyewitnesses" and "Smith himself" to find in Dillard's favor.  (*Id.* at 2.) As the court noted in its previous decision, however, it "'is not [the court's] job to weigh the evidence, to count how many affidavits favor the plaintiff and how many oppose him, or to disregard stories that seem hard to believe. Those tasks are for the jury.'" (Mem. Op. 9 (quoting *Gray v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991))); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

Second, Dillard's own sworn statements are sufficient to create a triable issue of fact as to whether he suffered any injuries. Dillard claims that Smith slammed his head into a wall, causing him to suffer dental trauma and severe head pain. It is well-settled that a plaintiff may testify as to any pain and suffering that he experienced as a result of the alleged use of excessive force and that "[n]o expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations." *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009); *see also Ziesmer v. Hagen*, 785 F.3d 1233, 1239 (8th Cir. 2015) ("Given that Zeismer claims he began experiencing neck pain shortly after the alleged altercation with Trooper Hagen, and given that there is no evidence suggesting he experienced

any such pain before [the altercation], a layperson could conclude that Ziesmer's symptoms were caused by the trauma to his neck and back."). Thus, Dillard does not need expert testimony to establish that his head hurt after it was allegedly slammed against the wall, or that he immediately lost or chipped a tooth. Dillard is a competent witness to testify about what he experienced, and, if believed, his testimony is sufficient proof of his claim.

Third, Dillard is not required to offer "physical or documentary evidence" to prove that he is entitled to compensatory damages. (Mot. to Reconsider 3.) The Seventh Circuit's decision in *Hendrickson v. Cooper* is instructive in this regard. In that case, the Court held that the plaintiff's own testimony that the defendant "beat him up and that it hurt really bad" was sufficient to support the jury's finding of excessive force and that the jury's award of compensatory damages "was rationally connected to [the plaintiff's] evidence of pain and suffering." 589 F.3d at 892. Other circuits, including the Fourth Circuit, have likewise held that a plaintiff's own testimony can provide a sufficient foundation for an award of compensatory damages. *See, e.g., Mys v. Mich. Dep't of State Police*, 886 F.3d 591, 603 (6th Cir. 2018) ("[Plaintiff's] testimony provides a sufficient foundation for the jury's pain-and-suffering award."); *Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 546 (4th Cir. 2003) ("We have held that a plaintiff's own testimony, standing alone, can support an award of compensatory damages for emotional distress.") (citation omitted).

Fourth and finally, the fact that the court will not allow to present evidence regarding the medical issues for which he was hospitalized more than six weeks after the alleged use of force does not alter the court's conclusion that summary judgment is inappropriate.* If the

---

\* By separate order, the court will grant Smith's motion to exclude evidence regarding the symptoms and

jury believes Dillard's version of the events—that Smith slammed his head against a wall after Dillard made a comment to another officer—the jury could find "that the force purposely or knowingly used against him was objectively unreasonable" and therefore violated the Due Process Clause of the Fourteenth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Although "the extent of the plaintiff's injury" is one of several considerations that "may bear on the reasonableness or unreasonableness of the force used," this factor is not dispositive. *Id.* at 397; *see also cf. Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (instructing lower courts "to decide [Eighth Amendment] excessive force claims based on the nature of the force rather than the extent of the injury").

## Conclusion

For these reasons, Smith's motion to reconsider will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 7th day of September, 2021.


*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

conditions for which Dillard was hospitalized in late October 2019. Because Dillard has failed to notice or adduce any expert medical testimony to establish that these later conditions were caused by the alleged excessive force, the court will preclude him from raising these injuries as part of his case-in-chief.